IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Coast to Coast Health Care Services, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00734 |
| v. | : | Judge Sargus |
| Dawn Meyerhoffer, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Discovery Dispute Conference Order

On April 9, 2012, counsel for the parties participated in a discovery dispute conference with the Magistrate Judge.

Plaintiff wants a third party computer forensics expert to image defendant Meyerhoffer's personal computer so that a search protocol can be developed to locate electronically stored information relevant to the issues in this lawsuit. Defendant Meyerhoffer maintains that her hard drive crashed about seven days before she stopped working for plaintiff. She was unable to recover any data from the hard drive. She had a new hard drive installed. Further, she asserts that she only used her personal computer for work to access an online service and to use an email account controlled by plaintiff.

My assumption is that the rules that govern paper document discovery apply to electronic data.[1]  Just because there may be a wealth of data residing on an opponent's

---

[1]Alan Blakely makes the point that "the fundamentals of discovery have not changed, nor should they.  Discovery is built upon a system of trust; and the basic tenants of integrity are not altered whether it is traditional discovery, paper discovery, or electronic discovery.  Attorneys represent clients and, by distancing themselves from

hard drive doesn't mean that you should get access to everything on the drive without regard to relevance or privilege.[2]  Based on that assumption, I have held that a producing party may extract data from a database and does not have to turn over the entire database to the requesting party:

> [I]t is an ordinary part of the discovery process for lawyers preparing a res-ponse to the opposing party's document request to sift through their clients' documents such as per-sonnel files, diaries, and files maintained by a company's employees, and to produce only those individual items responsive to the document request.  There is no general rule that if one or more discoverable documents are kept in a file folder or file drawer with other documents that are not rele-vant to the litigation that the producing party must pro-duce the entire file or the entire file drawer.  Further, the party seeking discovery cannot evade Rule 26(b)(1) by requesting the file folder or the file drawer rather than the documents which are "relevant to the subject matter involved in the pending action . . . ."
>
> Rule 34(a) provides that a party may request "docu-ments . . . which constitute or contain matters within the scope of Rule 26(b) . . . ."  The focus is on the document, not the file folder or file drawer that holds the document.  Rule 34(a)'s language, that the document request be for documents which "contain matters within the scope of Rule 26(b)"--implicitly recognizes that the document may well also contain irrelevant information.  But the focus is on the document, not the file folder or file drawer that contains the document.
>
> The fact that a client stores documents in a database does not mean that the opposing party has the right to obtain access to all the documents in the database when much of the information in the database is irrelevant to the issues in the lawsuit and not responsive to the document request.  Rules

---

the dispute, foster a system that produces just results."  Blakely, "Differences and Simi-larities in Civil Discovery of Electronic and Paper Information," *The Federal Lawyer* at. 32 (July 2002).

[2]*Id.* at 32, 36; Hart & Plum, SF42 ALI-ABA at 678.

26(b)(1) and 34(a) limit production to the relevant documents.

*Marc E. Bacon, et al. v. Honda of America Mfg., Inc.*[3] The argument that the producing party may make an error in copying the relevant files and producing them, depriving the requesting party of needed information, does not support a request for the entire database.[4] When unsupported by evidence that data will likely be lost if the producing party conducts the search, courts regard requests for copies of entire databases or disk drives as "fishing expeditions."[5] The requesting party may have the right to be heard on how the producing party searches a database for relevant files. For example, the requesting party may be permitted to write the search terms.[6] Further, defendant's counsel has an obligation to see that a thorough search is made for ESI responsive to plaintiff's written discovery requests. That obligation can ordinarily be satisfied by having the law firm's in-house

---

[3] C2-99-803 (S.D. Ohio, May 16, 2000 Reconsidered Discovery Order) at pp. 3-4. Plaintiffs appealed this decision. District Judge James L. Graham issued an Order June 23, 2000 overruling plaintiffs' objections. Magistrate Judge King held in *Jamshid Sabouri v. Ohio Bureau of Employment Services, et al.*, C-2-97-715 (S. D. Ohio 1997) that a plaintiff alleging employment discrimination was "entitled to view [computer] files that relate to him or to the claims or defenses asserted in [the] action, he has no right to rummage through the computer files of the defendants." * Opinion and Order at p. 9.

[4] *Lawyers' title Insurance Company v. United States Fidelity & Guaranty Company*, 122 F.R.D. 567, 570 (N.D. Cal. 1988).

[5] *Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 532-34 (1st Cir. 1996). See, *Stallings-Daniel v. The Northern Trust Co.*, 2002 WL 385566 at *1 (N.D. Ill. 2002)(Court denied plaintiff's request for extensive discovery of defendant's e-mail system based solely on defendant having produced redacted documents in another case without disclosing that they had been redacted).

[6] *Proctor & Gamble Co. v. Haugen,* 179 F.R.D. 622, 632 (D. Utah 1998). The Court did revise the search terms to protect "general commercial or competitive information." *Id.*

IT specialists search the hard drive or by hiring a third party computer forensics expert to do so.

<u>Discovery</u>. The discovery deadline is July 31. Defendants' counsel has sent plaintiff's counsel a request for deposition dates for 5-6 witnesses. Plaintiff's counsel will respond promptly.

<u>Settlement</u>. After written discovery is exchanged and several key depositions taken, the parties should evaluate the case for settlement to see if there is a resolution all could accept that would avoid the costs, time commitments, and risks of continued litigation.

<u>s/Mark R. Abel</u>
United States Magistrate Judge
